# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| **JESSICA WILLIAMS**, *on behalf of herself and all others similarly situated*,<br><br>*Plaintiff*,<br><br>v.<br><br>**TRUEACCORD CORP.**,<br><br>*Defendant*. | Civil Case No.: 3:24-cv-49-TSL-RPM<br><br>**COMPLAINT - CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

For her Class Action Complaint, Plaintiff, Jessica Williams, by counsel, states and alleges as follows:

## INTRODUCTION

1. Plaintiff, Jessica Williams ("Plaintiff"), brings this class action for damages resulting from TrueAccord Corp.'s ("TrueAccord" or "Defendant") placement of debt collection text messages to Plaintiff's cellular phone after Plaintiff requested in writing that Defendant "STOP" sending such messages, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA").

2. Defendant is a nationwide debt collector. Upon information and belief, as part of its debt collection operations, Defendant sends consumers multiple debt collection text messages, even after the consumers ask Defendant to "STOP" sending the messages.

3. Plaintiff received numerous debt collection text messages from Defendant advising her that she could "opt out" of receiving text messages by replying "STOP." On November 18, 2023, Plaintiff messaged Defendant "STOP" but Defendant ignored the request and continued to send debt collection text messages to Plaintiff thereafter.

4.      Below are representative screenshots showing Plaintiff's November 18, 2023 "STOP" request and several of Defendant's post-STOP collection messages:



5.      By sending Plaintiff text messages to Plaintiff after she directed Defendant to STOP sending them, Defendant violated the FDCPA.

6.      Plaintiff seeks relief for herself and all others similarly situated for Defendant's unlawful behavior.

**JURISDICTION AND VENUE**

7.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because her FDCPA claims arise under the federal Fair Debt Collection Practices Act. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 751-53 (2012).

8. The Court has personal jurisdiction over Defendant because Defendant targeted a Mississippi resident and sent illegal text messages to a Mississippi resident with a Mississippi phone number. Defendant is also registered to do business in Mississippi and further subject to this Court's jurisdiction on that basis.

9. Venue is proper in this District because the acts that give rise to Plaintiff's claims – including but not limited to Defendant's sending of text messages to Plaintiff – occurred within this District.

## PARTIES

10. Plaintiff is, and at all times mentioned herein was, an adult individual residing in Rolling Fork, Mississippi. Plaintiff is a "consumer" as defined by the FDCPA.

11. Defendant is a Delaware corporation with its principal place of business located at 16011 College Blvd., Suite 130 Lenexa, KS 66219.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

12. Plaintiff allegedly incurred an alleged debt (the "Debt") arising out of residential utilities, to AT&T U-Verse (the "Original Creditor") for cable services. The Debt was purportedly for personal use and not for business use.

13. The Debt meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

14. Thereafter, the Original Creditor sold the Debt to Defendant or otherwise enlisted Defendant to collect the Debt on its behalf.

15. Within the last year, Defendant began placing text messages to Plaintiff's cellular telephone, number (XXX)-XXX-5104, in an attempt to collect the Debt.

16. The text messages provided, in part, the name of Defendant and included a link to a summary of the account: "This is TrueAccord, a debt collector. We work hard to make sure that

it's easy to take action online: https://sm.true.ac/in1mdwz. Reply STOP to opt out of SMS." Copies of the text messages Defendant sent to Plaintiff are collectively attached hereto as Exhibit A.

17. Plaintiff messaged "STOP" to Defendant in order to get Defendant to stop sending her debt collection text messages.

18. However, notwithstanding Plaintiff's request for Defendant to "STOP," Defendant continued to send debt collection text messages to Plaintiff's cellular telephone in its attempt to collect the Debt.

19. Plaintiff's time and effort was wasted tending to Defendant's text messages sent after she expressly asked Defendant to "STOP" messaging her cellular telephone.

20. Moreover, Defendant's post-STOP messages annoyed, frustrated, and angered Plaintiff.

21. Plaintiff's receipt of Defendant's unauthorized debt collection messages drained Plaintiff's phone batteries and caused Plaintiff additional electricity expense and wear and tear on her phones and batteries.

## CLASS ACTION ALLEGATIONS

### A. The Class

22. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all others similarly situated.

23. Plaintiff represents, and is a member of the following classes:

> **All persons within the United States to whom Defendant or its agent/s and/or employee/s sent a debt collection text message to said person's cellular telephone within the one-year period preceding the filing of the Complaint, after said person had previously messaged "stop" in any combination of upper or**

>     **lowercase letters or a stop directive which would be identified as
>     such to Defendant**.

("FDCPA Class" or "Class")

24. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the class members number in the several thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

### B. Numerosity

25. Upon information and belief, Defendant has placed debt collection text messages to cellular telephone numbers belonging to thousands of consumers throughout the United States, after receiving messages asking it to "STOP." The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

26. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the class members is a matter capable of ministerial determination from Defendant's records.

### C. Common Questions of Law and Fact

27. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These questions include:

>     a. Whether Defendant sent debt collection text messages to Plaintiff and Class members' cellular telephones after being advised to 'stop' sending such messages;
>
>     b. Whether Defendant's practice of sending debt collection text messages to consumers after being asked to 'stop' doing so violates the FDCPA;
>
>     c. Whether Defendant is liable for damages, and the amount of such damages; and

    e. Whether Defendant should be enjoined from such conduct in the future.

  28. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely places debt collection text messages to telephone numbers assigned to cellular telephone services after being asked to 'stop' is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### D. Typicality

  29. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### E. Protecting the Interests of the Class Members

  30. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

### F. Proceeding Via Class Action is Superior and Advisable

  31. Class action is the superior method for the fair and efficient adjudication of this controversy. Congress specifically provided, at 15 U.S.C. § 1692k, for the commencement of class actions as a principal means of enforcing the FDCPA. In addition, the interest of Class members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for Class members to bring individual actions.

  32. Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

33. The members of the Classes are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

34. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

35. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

36. The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiffs and the other members of the Class.

## COUNT I
## Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(c)

37. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

38. The FDCPA, 15 U.S.C. § 1692c(c) provides that "If a consumer notifies a debt collector in writing . . . that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—(1) to advise the consumer that the debt collector's further efforts are being terminated; (2) to notify the consumer that the debt collector or creditor may invoke specified

remedies which are ordinarily invoked by such debt collector or creditor; or (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy."

39. Plaintiff and members of the FDCPA Class each notified Defendant that they wished Defendant to cease sending them further communications when they messaged Defendant 'STOP' but Defendant nonetheless proceeded to send Plaintiff and members of the FDCPA class subsequent debt collection text messages.

40. Moreover, Defendant's subsequent post-Stop messages sought to collect consumers debts and demanded payments from Plaintiff and members of the FDCPA Class; the messages did not advise that Defendant's further efforts were being terminated nor did they state that Defendant may invoke specified remedies which are ordinarily invoked by Defendant or notify Plaintiff or members of the putative class that Defendant intended to invoke a specified remedy.

41. By virtue of the foregoing, Plaintiff and the FDCPA Class members are entitled to recover damages as prayed for herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant:

1. An order certifying the Class as defined above, appointing Ms. Williams as the representative of the Class and appointing her counsel as Class Counsel;

2. An order declaring that Defendant's actions, as set out above, violate the statutes referenced herein;

3. An award of injunctive and other equitable relief as necessary to protect the interests of the Class, including, inter alia, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

    4.       Actual and statutory damages as provided under the FDCPA, pursuant to 15 U.S.C. § 1692k;

    5.       An award of attorneys' fees and costs to counsel for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3); and,

    6.       Such other relief as the Court deems just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** January 26, 2024

                                   */s/ Christopher E. Kittell*
                                   CHRISTOPHER E. KITTELL
                                   KITTELL LAW FIRM
                                   P.O. Box 568
                                   283 Losher Street, Suite B
                                   Hernando, MS 38632
                                   (662) 298-3456
                                   ckittell@kittell-law.com